[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-11604
Non-Argument Calendar

_____


D.C. Docket No.  1:10-cv-03882-CAP


J&J SPORTS PRODUCTIONS, INC.,

Plaintiff - Counter
Defendant - Appellee,

versus

TAQUERIA JALISCO, INC.,
d.b.a. Taqueria Jalisco,
JUAN CARLOS LOPEZ,

Defendants - Counter
Claimants - Appellants,

JOHN DOES 1-5,

Defendants - Counter
Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 16, 2012)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

This is an action for the violation of 47 U.S.C. § 605.  J & J Sports Productions, Inc. ("J & J") sued Taqueria Jalisco, Inc. ("Taqueria") and its manager, Juan Carlos Lopez, for unlawfully exhibiting a boxing program to which J & J owns the exclusive nationwide distribution rights.  The material facts are not in dispute.  *See* Order dated December 30, 2011 at 2.  J & J had exclusive rights to the *Oscar de la Hoya v, Manny Pacquiao–Welterweight Championship Fight Program* which took place on December 6, 2008; Taqueria displayed the program at its restaurant that day; Taqueria and Lopez did not pay a commercial licensing fee to show the program (but Lopez paid the residential fee for the program); Taqueria and Lopez received the program via satellite signal; and the program was shown on two screens to patrons at the restaurant.  Since the material facts were not in dispute, the District Court ruled that J & J were entitled to summary judgment.  *Id.* at 6.[1]  The court's order directed J & J to submit proof of its damages and gave the defendants an opportunity to respond.  After reviewing the parties' submissions, the court, in an order dated February 24, 2012, awarded J & J

---

[1]  The court also granted J&J summary judgment on Taqueria's counterclaim for state and federal RICO violations and fraud in an order dated February 29, 2012.  This decision is not before us in this appeal.

2

$7,500 in statutory damages, *see* 47 U.S.C. § 605(e)(3)(C)(i)(II),[2] $50,000 in enhanced statutory damages,[3] and $13,255 in attorney's fees.  The court thereafter entered judgment for J & J against the defendants in the foregoing amounts, $70,755.

Taqueria and Lopez appeal the court's judgment, arguing that (1) they were entitled to a jury trial with respect to the statutory damages, Appellants' Br. at 12; (2) because J & J failed to prove "actual damages" (J&J represented to the court that it could not quantify its actual loss), J & J could not "demonstrate an 'injury in fact'", as required by Article III of the Constitution. and therefore "lacked standing to pursue [its] claims", *id.* at 13; (3) J & J failed to prove its entitlement to the enhanced statutory damages, *id.* at 18; and (4) the court "abused its discretion when it allowed [J & J] to amend the complaint to include a known party," i.e., Lopez, *id.* at 20.  For the reasons stated in the District Court's orders of December 30, 2011, and February 24, 2012, these arguments lack merit.  The District Court's judgment is accordingly

---

[2]  J & J elected to receive statutory rather than actual damages.  *See* Order, February 24, 2012.  Section 605(e)(3)(C)(i)(II) authorizes damages for each violation of not less than $1,000 nor more than $10,000.

[3] If the court finds that the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," it may award enhanced damages not to exceed $100,000 for each violation.  *See* 47 U.S.C. § 605(e)(3)(C)(ii).

AFFIRMED.